ALLEN, Judge.
The claimant appeals a workers’ compensation order and contends that the judge erred in finding only a three percent permanent impairment, and denying payment for the claimant’s left shoulder surgery, and failing to establish the claimant’s entitlement to taxable costs. We reverse as to each of these issues, and otherwise affirm the appealed order.
The three percent impairment rating comports with a psychiatrist’s opinion as to the claimant’s psychiatric impairment, but does not appear to account for the claimant’s physical impairment within other medical disciplines. Because it is otherwise unclear as to how the judge could have arrived at the three percent figure, we reverse the order as to this ruling and remand for further consideration.
In denying payment for the claimant’s left shoulder surgery the judge found that all of the medical evidence indicated that the claimant did not complain of left shoulder pain until approximately two years after the March 1991 accident. However, Dr. Stas-hak’s medical report of November 1991 reflects such complaints, as the doctor acknowledged during his testimony. Because it is unclear whether the judge would have denied payment for the surgery without this misapprehension as to the evidence, we likewise reverse this ruling and remand for further consideration.
Despite ordering the employer to provide surgery for the claimant’s right shoulder, the judge failed to make any award as to taxable costs. As the claimant notes, Dr. Suarez’s testimony was relevant to this issue on which the claimant prevailed. The judge therefore should have established the claimant’s entitlement to an award of taxable costs. Raska v. Glasgow Contracting, 588 So.2d 307 (Fla. 1st DCA 1991); § 440.34(3), Fla.Stat. (1991).
The appealed order is accordingly affirmed in part and reversed in part, and the ease is remanded.
BARFIELD and DAVIS, JJ., concur.